IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DTTO | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. _____ |
| MARIJUANA COMPANY OF AMERICA, INC. | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff DTTO ("DTTO" or "Plaintiff") and files this its Original Complaint against Defendant Marijuana Company of America, Inc. ("MCA" or "Defendant"), and in support thereof would show the Court as follows:

### I. PARTIES

1. Plaintiff DTTO is a partnership with its principal place of business in Dallas County, Texas.

2. Defendant Marijuana Company of America, Inc. is a Utah corporation with its principal place of business at 1340 West Valley Parkway, Suite 205, Escondido, California 92029 and who can be served with summons by serving its registered agent, Registered Agents Inc., 881 Baxter Drive, Suite 100, South Jordan, Utah 84095.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

4. This Court has personal jurisdiction over MCA because the parties agreed in writing that jurisdiction shall be proper in this district for any dispute related to the contract on which DTTO's claims in this lawsuit are premised.

5. Venue is proper in this Court because the parties agreed in writing that venue shall be proper in "federal courts located in Dallas County, in the State of Texas" for any dispute related to the contract on which DTTO's claims in this lawsuit are premised.

## III. BACKGROUND

6. On or about April 1, 2017, DTTO and MCA entered into a Convertible Promissory Note (the "Note") wherein DTTO agreed to issue a loan to MCA.

7. DTTO loaned the principal sum of $111,111.00 to MCA at an agreed interest rate of six and one-half percent (6.5%). Under the terms of the Note, the principal sum, plus all accrued interest, became due and payable on April 30, 2018.

8. The Note also provides that DTTO, at its election, may convert all or part of the amount owed into common shares of Marijuana Company of America, Inc. DTTO attempted to convert a portion of the amount owed under the Note in or about December of 2017, but MCA failed to properly and timely provide DTTO with common shares of stock. The value of common shares of MCA stock have since declined, resulting in liquidated damages to DTTO.

9. The terms of the Note state that, upon default, the interest rate shall begin to accrue at an interest rate of thirteen percent (13%) per annum. Further, in the event of default, MCA is liable to DTTO for the "Mandatory Default Amount," defined in the Note as outstanding principal

amount, plus all accrued and unpaid interest, liquidated damages, and fees associated with collection, including attorneys' fees.

10. In the event of default, the Note further states that MCA shall have the right to convert the entire Mandatory Default Amount into common shares of Marijuana Company of America, Inc.

11. After accounting for all payments or credits, the total amount of $1,067,749.00 remains unpaid and owing under the terms of the Note, including contracted-for liquidated damages in the amount of $965,000.00. MCA has refused and continues to refuse payment of the amount owed.

### IV.   CAUSES OF ACTION

#### COUNT ONE – BREACH OF CONTRACT

12. DTTO incorporates paragraphs 1 - 11 above.

13. The Note is a valid and enforceable contract entered into by DTTO and MCA. DTTO has fulfilled its obligations under the Note by loaning the principal sum of $111,111.00 to MCA.

14. MCA breached its obligations under the Note by failing to pay the amounts owed to DTTO by the maturity date of April 30, 2018. As a result of Defendant's breach, DTTO has suffered damages which DTTO is entitled to recover from MCA.

### V.   ATTORNEYS' FEES

15. As a result of MCA's actions described herein, DTTO was required to retain the undersigned counsel to prosecute the claims set forth herein. DTTO is therefore entitled to recover its reasonable and necessary attorneys' fees pursuant to the terms of the Note, TEX. CIV. PRAC. & REM. Code § 38.001 et seq., or as otherwise allowed by law.

## VI. CONDITIONS PRECEDENT

16. All conditions precedent to bringing this action have occurred or have been waived by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff DTTO requests that Defendant Marijuana Company of America, Inc. be cited to appear herein and upon trial hereof, DTTO recover judgment against Defendant for:

- Monetary damages in excess of $1,067,749.00 or an equivalent number of common shares of stock of Marijuana Company of America, Inc.;

- Prejudgment and post-judgment interest as provided by law;

- Costs of court;

- Attorneys' fees; and

- Such other and further relief, both at law and in equity, to which DTTO may be justly entitled.

Respectfully submitted,

*/s/ Mark L. Johansen*

Mark L. Johansen
State Bar No. 10670240
E. Steve Smith
State Bar No. 24095623
**PERKINS COIE, LLP**
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Phone: 214-965-7700
Facsimile: 214-965-7799
Email: mjohansen@perkinscoie.com
estevesmith@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF DTTO**